UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE SANTOS SANDOVAL OSEGUERA (A-Number: 245-287-502),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-04382-DC-JDP (HC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 11) |

Petitioner, an immigration detainee proceeding pro se, has filed this amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 7.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 17, 2026, the magistrate judge filed findings and recommendations herein, which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 11.) On July 24, 2026, Respondents filed objections to the findings and recommendations, stating merely that they object "[f]or the reasons set forth in [their] previous briefing." (ECF No. 12.) However, those arguments were already addressed by the magistrate judge in this case and the undersigned in other cases.

Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or

conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK (HC), 2026 WL 309563 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

However, consistent with this court's previous decisions, the court finds that requiring Respondents to provide a bond hearing, rather than immediately release Petitioner, is the appropriate relief under the circumstances of this case. Unlike the petitioner in *Altin*, who had been arrested but not charged with any criminal offenses and who was detained by immigration authorities seven months after his release from that arrest, here, Petitioner was detained immediately following his arrest for driving under the influence while charges were still pending.[1] Thus, unlike in *Altin*, Respondents have provided a non-pretextual changed circumstance that may warrant revocation of Petitioner's prior release. This court has previously found that where the government asserts a non-pretextual change in circumstance potentially warranting revocation of a non-citizen's release, the proper remedy for the government's failure to provide the petitioner with a pre-deprivation bond hearing is a post-deprivation bond hearing, not immediate release. *See Calvillo v. Chestnut*, No. 1:26-cv-00569-DC-CSK, 2026 WL 253627 at *3 (E.D. Cal. Jan. 31, 2026) ("[W]hile the court finds that Petitioner is likely to succeed on the merits of her claim that her re-detention without a bond hearing violated her right to due process,

---

[1] Petitioner was arrested on April 25, 2026 (ECF Nos. 7 at 1; 9-1 at 2–3), or April 26, 2026. (ECF No. 9-2 at 2–3.) Petitioner was transferred to immigration custody on April 27, 2026, while the criminal charges were still pending against him. (ECF Nos. 9-1; 9-2 at 2–3, 5.)

the court will order that the proper remedy for this violation is that Petitioner receive a post-deprivation bond hearing in which Respondents must show, by clear and convincing evidence, that the alleged changed circumstances demonstrate that Petitioner is either a flight risk or threat to public safety, such that her detention is justified.").

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 17, 2026 (ECF No. 11), are ADOPTED IN PART;
2. Petitioner Jose Santos Sandoval Oseguera's (A-Number: 245-287-502) amended petition for a writ of habeas corpus (ECF No. 7), is GRANTED as follows:
    a. Within fourteen (14) days of the date of entry of this order, Respondents are ORDERED to provide Petitioner a bond hearing before an immigration judge at which the government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is either a flight risk or risk to community safety such that Petitioner's continued immigration detention is justified; and
    b. If Respondents fail to provide Petitioner a bond hearing within fourteen (14) days of the date of entry of this order, Petitioner shall be immediately released from Respondents' custody on the same terms as Petitioner's previous release;
3. The Clerk of the Court is directed to serve California City Detention Facility with a copy of this order; and

/////

/////

/////

4. The Clerk of the Court is ordered to enter judgment accordingly and close this case.

IT IS SO ORDERED.

Dated: **August 4, 2026**

Dena Coggins
United States District Judge